WESTON & McELVAIN LLP
Aaron C. Agness (State Bar No. 221943)
Karen D. Ruiz (State Bar No. 336254)
1960 East Grand Avenue, Suite 400
El Segundo, California 90245
Telephone:   (213) 596-8000
Facsimile:   (213) 596-8039
E-mail:       aagness@wmattorneys.com
              kruiz@wmattorneys.com

Attorneys for Defendant **TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA**

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONAHAN PACIFIC CORPORATION, a California corporation, and TOWNSEND CAPITAL PARTNERS, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 3:22-cv-03593-JD<br><br>**DEFENDANT TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S ANSWER TO COMPLAINT BY PLAINTIFFS MONAHAN PACIFIC CORPORATION AND TOWNSEND CAPITAL PARTNERS, LLC**<br><br>Action Filed:    April 4, 2022<br>Case Removed: June 17, 2022<br>Trial Date:      Not set |

Defendant Travelers Property Casualty Company of America ("Travelers"), on behalf of itself and no other person or entity, hereby answers the allegations of the Complaint by Plaintiffs Monahan Pacific Corporation and Townsend Capital Partners, LLC (collectively, "Plaintiffs") as follows:

## GENERAL ALLEGATIONS

1.     In response to paragraph 1 of the Complaint, Travelers admits the allegations.

2.      In response to paragraph 2 of the Complaint, Travelers admits Plaintiff Townsend Capital Partners, LLC is a California business entity authorized to do business in California.  Except as expressly admitted herein, Travelers denies the remaining allegations.

3.      In response to paragraph 3 of the Complaint, Travelers admits that it is, and at all relevant times herein was, a corporation duly organized and existing under the laws of the State of Connecticut, and maintains its principal place of business in Hartford, Connecticut the allegations.  Travelers also admits that it is authorized to issue policies in the State of California.  Except as expressly admitted herein, Travelers denies the remaining allegations.

4.      In response to paragraph 4 of the Complaint, Travelers lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies the allegations.

5.      In response to paragraph 5 of the Complaint, Travelers lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies the allegations.

6.      In response to paragraph 6 of the Complaint, Travelers admits the allegations.

7.      In response to paragraph 7 of the Complaint, Travelers denies that Plaintiffs have been damaged by Travelers and as such, deny the allegation as phrased.

8.      In response to paragraph 8 of the Complaint, Travelers lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies the allegations.

9.      In response to paragraph 9 of the Complaint, Travelers admits that it issued Policy No. Y-630-9C892295-TIL-20 to Monahan Pacific Corporation, effective April 1, 2020 to April 1, 2021 ("Policy"), the terms of which speak for themselves.  Travelers admits that Townsend Capital Partners LLC is also a named

insured in the Policy.  Travelers will produce a certified copy of the Policy with its initial disclosures.  Except as expressly admitted herein, Travelers denies the allegations.

10.    In response to paragraph 10 of the Complaint, Travelers admits that it issued the Policy and that the terms speak for themselves.  Except as expressly admitted herein, Travelers denies the allegations.

11.    In response to paragraph 11 of the Complaint, Travelers admits that a fire broke out on April 6, 2020.  Except as expressly admitted herein, Travelers lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations and on that basis denies the allegations.

12.    In response to paragraph 12 of the Complaint, Travelers admits the allegations.

13.    In response to paragraph 13 of the Complaint, Travelers lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies the allegations.

14.    In response to paragraph 14 of the Complaint, Travelers lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies the allegations.

15.    In response to paragraph 15 of the Complaint, Travelers admits that it issued a payment for $41,206.15.  Except as expressly admitted herein, Travelers denies the allegations.

16.    In response to paragraph 16 of the Complaint, Travelers admits that it hired MKA International, Inc.  Except as expressly admitted herein, Travelers denies the allegations.

17.    In response to paragraph 17 of the Complaint, Travelers denies the allegations.

18.    In response to paragraph 18 of the Complaint, Travelers denies the allegations.

DEFENDANT'S ANSWER TO COMPLAINT

19.     In response to paragraph 19 of the Complaint, Travelers admits that it issued a payment for $77,963.18.  Except as expressly admitted herein, Travelers denies the allegations.

20.     In response to paragraph 20 of the Complaint, Travelers denies the allegations.

21.     In response to paragraph 21 of the Complaint, Travelers denies the allegations.

22.     In response to paragraph 22 of the Complaint, Travelers denies the allegations.

23.     In response to paragraph 23 of the Complaint, Travelers denies the allegations.

24.     In response to paragraph 24 of the Complaint, Travelers denies the allegations.

25.     In response to paragraph 25 of the Complaint, Travelers denies the allegations.

26.     In response to paragraph 26 of the Complaint, Travelers denies the allegations.

27.     In response to paragraph 27 of the Complaint, Travelers denies the allegations.

28.     In response to paragraph 28 of the Complaint, Travelers denies the allegations.

29.     In response to paragraph 29 of the Complaint, Travelers denies the allegations.

30.     In response to paragraph 30 of the Complaint, Travelers denies the allegations.

31.     In response to paragraph 31 of the Complaint, Travelers denies the allegations.

///

DEFENDANT'S ANSWER TO COMPLAINT

**FIRST CAUSE OF ACTION**

**BREACH OF CONTRACT**

**(Against Defendant and DOES 1 through 10, inclusive)**

32.     In response to paragraph 32 of the Complaint, Travelers incorporates by reference its responses to paragraphs 1 through 31, inclusive, as though fully set forth in this paragraph.

33.     In response to paragraph 33 of the Complaint, Travelers admits that it issued the Policy and that the terms of the Policy speak for themselves.  Except as expressly admitted herein, Travelers denies.

34.     In response to paragraph 34 of the Complaint, Travelers denies the allegations.

35.     In response to paragraph 35 of the Complaint, Travelers denies the allegations.

36.     The allegations set forth in paragraph 36 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Travelers denies the allegations set forth in paragraph 36.

37.     The allegations set forth in paragraph 37 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Travelers admits that a fire occurred at the Property on or about April 6, 2020. Except as expressly admitted herein, Travelers denies the allegations set forth in paragraph 37.

38.     In response to paragraph 38 of the Complaint, Travelers denies the allegations.

39.     In response to paragraph 39 of the Complaint, Travelers denies the allegations.

///

///

///

DEFENDANT'S ANSWER TO COMPLAINT

**SECOND CAUSE OF ACTION**

**BAD FAITH**

**(Against Defendant and DOES 1 through 10, inclusive)**

40.     In response to paragraph 40 of the Complaint, Travelers incorporates by reference its responses to paragraphs 1 through 39, inclusive, as though fully set forth in this paragraph.

41.     The allegations set forth in paragraph 41 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required because it implies claims against Travelers, Travelers denies the allegations.

42.     In response to paragraph 42 of the Complaint and each of its subparts, Travelers denies the allegations.

43.     In response to paragraph 43 of the Complaint, Travelers denies the allegations.

44.     In response to paragraph 44 of the Complaint, Travelers denies the allegations.

**THIRD CAUSE OF ACTION**

**VIOLATION OF UNFAIR COMPETITION LAW**

**(Against Defendant and DOES 1 through 10, inclusive)**

45.     In response to paragraph 45 of the Complaint, Travelers incorporates by reference its responses to paragraphs 1 through 44, inclusive, as though fully set forth in this paragraph.

46.     In response to paragraph 46 of the Complaint, Travelers denies the allegations.

47.     In response to paragraph 47 of the Complaint, Travelers denies the allegations.

48.     In response to paragraph 48 of the Complaint, Travelers denies the allegations.

///

DEFENDANT'S ANSWER TO COMPLAINT

49.     In response to paragraph 49 of the Complaint, Travelers denies the allegations.

## FIRST AFFIRMATIVE DEFENSE
### (Offset)

50.     The claims for relief alleged in the Complaint against Travelers are barred or must be reduced by any payment made to Plaintiffs by any other parties and/or third parties in connection with injuries alleged in the Complaint, including amounts paid to or recovered by Plaintiffs for damage to or loss of the Property.

## SECOND AFFIRMATIVE DEFENSE
### (Estoppel)

51.     Plaintiffs, by virtue of their acts and conduct, including acquiescence, approval and ratification of the terms of the Policy and/or related acts by Travelers in procuring the Policy, are estopped from suing upon the acts alleged against Travelers.

## THIRD AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

52.     The Complaint and each cause of action alleged therein are barred to the extent Plaintiffs have failed to mitigate their damages, if any, and such conduct reduces or eliminates any recovery sought by Plaintiffs herein.

## FOURTH AFFIRMATIVE DEFENSE
### (Waiver)

53.     The Complaint and each cause of action therein against Travelers are barred by Plaintiffs' waiver of any claim related to the subject matter of the Complaint including, but not limited to, Plaintiff's acquiescence, approval, and ratification of the terms of the Policy and/or related acts by Travelers in procuring the Policy.

///

///

DEFENDANT'S ANSWER TO COMPLAINT

## FIFTH AFFIRMATIVE DEFENSE

### (Apportionment)

54.     Travelers' obligation in connection with the Complaint, if any, must be apportioned among all of the responsible persons, including any party to this litigation.

## SIXTH AFFIRMATIVE DEFENSE

### (Policy Terms, Conditions and Exclusions)

55.     Without admitting that Travelers issued a policy of insurance that created any duty or obligation owed by Travelers to Plaintiffs, or that the terms, conditions, exclusions and restrictions of insurance policies must be pled as affirmative defenses, Travelers alleges the terms, conditions, exclusions, restrictions and endorsements within the policy sued upon limit or preclude coverage for Plaintiffs' claims, including without limitation the following:

[Form IL F1 00 06 13 - California Changes – Replacement Cost]

**B.**     Under an "open policy", when the Replacement Cost Optional Coverage (Replacement Cost) is shown as applicable in the Declarations, that Coverage is replaced by the following:
***

**3.**     We will not pay on a replacement cost basis for any loss or damage until the lost or damaged property is actually repaired or replaced.  Prior to such repair or replacement, and in accordance with the terms of the appliable Loss Payments conditions in this policy, we will pay the actual cash value of the lost or damaged property as described in Paragraph **4.** below. …
***

**6.**     We will not pay more for loss or damage on a replacement cost basis than the least of **a., b.** or **c.,** subject to **7.** below:

DEFENDANT'S ANSWER TO COMPLAINT

      **a.**      The Limit of Insurance applicable to the lost or damaged property;

      **b.**      The cost to replace the lost or damaged property with other property:

      **1.**      Of comparable material and quality; and

      **2.**      Used for the same purpose; or

      **c.**      The amount actually spent that is necessary to repair or replace the lost or damaged property.

If a building is rebuilt at a new premises, the cost described in **6.b.** above is limited to the cost which would have been incurred if the building had been rebuilt at the original premises.

### SEVENTH AFFIRMATIVE DEFENSE

### (Policy Terms, Conditions and Exclusions)

56.     Without admitting that Travelers issued a policy of insurance that created any duty or obligation owed by Travelers to Plaintiffs, or that the terms, conditions, exclusions and restrictions of insurance policies must be pled as affirmative defenses, Travelers alleges the terms, conditions, exclusions, restrictions and endorsements within the policy sued upon limit or preclude coverage for Plaintiffs' claims, including without limitation the following:

[Form DX T1 00 11 12 - Deluxe Property Coverage Form]

      **h.**      **Ordinance or Law Coverage**

      **(1)**      In the event of covered direct physical loss or damage to a building that is Covered Property, the following coverages apply, but only with respect to that loss or damaged building:

      ***

      **(c)**      **Coverage C - Increased Cost of Construction**

DEFENDANT'S ANSWER TO COMPLAINT

We will pay under Coverage **C** the increased cost
to:

    **(i)**    Repair or reconstruct damaged portions of
            that building; or

    **(ii)**    Reconstruct or remodel un-damaged portions
            of that building, whether or not demolition
            was required;

when the increased cost is a consequence of
enforcement of the minimum requirements of the
ordinance or law.

This Coverage **C** applies only if the restored or
remodeled property is intended for similar
occupancy as the current property, unless such
occupancy is not permitted by zoning or land use
ordinance. This Coverage **C** does not apply if the
building is not repaired, reconstructed or
remodeled.

### EIGHTH AFFIRMATIVE DEFENSE

### (Policy Terms, Conditions, and Exclusions)

57. Without admitting that Travelers issued a policy of insurance that
created any duty or obligation owed by Travelers to Plaintiffs, or that the terms,
conditions, exclusions and restrictions of insurance policies must be pled as
affirmative defenses, Travelers alleges the terms, conditions, exclusions, restrictions
and endorsements within the policy sued upon limit or preclude coverage for
Plaintiffs' claims, including without limitation the following

[Form DX T1 00 11 12 – Deluxe Property Coverage Form]

**D.**    **LIMITATIONS**

The following limitations apply to all coverage forms and

-10-
DEFENDANT'S ANSWER TO COMPLAINT

endorsements unless otherwise stated.

\*\*\*

3.   If the building where the loss or damage occurs has been "vacant" for a period of more than 60 consecutive days before the loss or damage occurs:

   a.   We will not pay for loss or damage caused by any of the following even if they are Covered Causes of Loss:

      (1)   Vandalism;

      (2)   Sprinkler leakage, unless you have protected the system against freezing;

      (3)   Building glass breakage;

      (4)   Water damage;

      (5)   Theft; or

      (6)   Attempted theft.

   b.   With respect to Covered Causes of Loss other than those listed in **a.(1)** through **a.(6)** above, we will reduce the amount we would otherwise pay for the loss or damage by 15%.

## NINTH AFFIRMATIVE DEFENSE

### (Policy Terms, Conditions, and Exclusions)

58.   Without admitting that Travelers issued a policy of insurance that created any duty or obligation owed by Travelers to Plaintiffs, or that the terms, conditions, exclusions and restrictions of insurance policies must be pled as affirmative defenses, Travelers alleges the terms, conditions, exclusions, restrictions and endorsements within the policy sued upon limit or preclude coverage for Plaintiffs' claims, including without limitation the following

[Form DX T1 00 11 12 – Deluxe Property Coverage Form]

DEFENDANT'S ANSWER TO COMPLAINT

**G.    LOSS CONDITIONS**

The following conditions apply in addition to the Common
Policy Conditions – Deluxe:

\*\*\*

**3.    Duties in the Event of Loss or Damage**

    **a.**    You must see that the following are done in the
event of loss of or damage to Covered Property:

\*\*\*

    **(4)**    Take all reasonable steps to protect the
Covered property from further damage, and
keep a record of your expenses necessary to
protect the Covered Property, for
consideration in the settlement of the claim.
…

    **(5)**    At our request, give us complete inventories
of the damaged and undamaged property.
Include quantities, costs, values and amount
of loss claimed.

    **(6)**    As often as may be reasonably required,
permit us to inspect the property and records
proving the loss or damage and examine your
books and records.
Also permit us to take samples of damaged
and undamaged property for inspection,
testing and analysis and permit us to make
copies from your book and records.

\*\*\*

    **(8)**    Cooperate with us in the investigation or

-12-

DEFENDANT'S ANSWER TO COMPLAINT

settlement of the claim.

## TENTH AFFIRMATIVE DEFENSE

### (Policy Terms, Conditions, and Exclusions)

59.     Without admitting that Travelers issued a policy of insurance that created any duty or obligation owed by Travelers to Plaintiffs, or that the terms, conditions, exclusions and restrictions of insurance policies must be pled as affirmative defenses, Travelers alleges the terms, conditions, exclusions, restrictions and endorsements within the policy sued upon limit or preclude coverage for Plaintiffs' claims, including without limitation the following

[Form DX T1 00 11 12 – Deluxe Property Coverage Form]

      **A.**    **COVERAGE**

          \*\*\*

          **2.**    **Property and Costs Not Covered**

             \*\*\*

             **v.**    The following underground property:

                **(1)**    Wires;

                **(2)**    Pipes, flues and drains;…

## ELEVENTH AFFIRMATIVE DEFENSE

### (Policy Terms, Conditions, and Exclusions)

60.     Without admitting that Travelers issued a policy of insurance that created any duty or obligation owed by Travelers to Plaintiffs, or that the terms, conditions, exclusions and restrictions of insurance policies must be pled as affirmative defenses, Travelers alleges the terms, conditions, exclusions, restrictions and endorsements within the policy sued upon limit or preclude coverage for Plaintiffs' claims, including without limitation the following

[Form IL 01 04 09 07 – California Changes]

      **B.**    The **Concealment, Misrepresentation Or Fraud** Condition is replaced by the following with respect to loss ("loss") or damage

-13-

caused by fire:

We do not provide coverage to the insured ("insured") who, whether before or after a loss ("loss"), has committed fraud or intentionally concealed or misrepresented any material fact or circumstance concerning:

**1.**   This Coverage Part;

**2.**   The Covered Property;

**3.**   That insured's ("insured's") interest in the Covered Property; or

**4.**   A claim under this Coverage Part or Coverage Form.

## TWELFTH AFFIRMATIVE DEFENSE

### (Policy Terms, Conditions, and Exclusions)

61.   Without admitting Travelers issued any policy of insurance that created any duty or obligation owed by Travelers to Plaintiff, or that the terms, conditions, exclusions and restrictions of insurance policies must be pled as affirmative defenses, Travelers alleges the terms, conditions, exclusions, restrictions and endorsements within the policy sued upon limit or preclude coverage for Plaintiffs' claims.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing under Section 17200)

62.   Plaintiffs lack standing to bring a claim for relief under California Business and Professions Code section 17200 because they have not suffered an actual injury or lost money or property as a result of the alleged unfair, unlawful, and/or fraudulent business practice(s).

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Section 17200 Claim Limited to Restitution and Injunctive Relief)

63.   Plaintiffs' purported claim under California Business and Professions Code section 17200 is barred because the remedy for such actions is limited to

-14-

DEFENDANT'S ANSWER TO COMPLAINT

1    restitution and injunctive relief.

2

3          WHEREFORE, Defendant Travelers Property Casualty Company of America

4    requests the following:

5                a.  Plaintiffs take nothing by way of their Complaint;

6                b.  Travelers be awarded their costs of suit herein; and

7                c.  For such other and further relief as the Court deems just and proper.

8

9    Dated:  July 8, 2022                      Respectfully submitted,
                                               WESTON & McELVAIN LLP

10

11                                    By:    s/ Aaron C. Agness

12                                           Aaron C. Agness
                                             Karen D. Ruiz
13                                           Attorneys for Defendant
                                             **TRAVELERS PROPERTY**
14                                           **CASUALTY COMPANY OF**
                                             **AMERICA**
15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S ANSWER TO COMPLAINT

*Monahan Pacific Corporation, et al. v. Travelers Property Casualty Company of America*
USDC-CAND, Case No. 3:22-cv-03593-JD

# PROOF OF SERVICE

I, Regina Macleod, declare:

I am employed in the County of Los Angeles, state of California. I am over the age of 18 and not a party to the within action; my business address is 1960 East Grand Avenue, Suite 400, El Segundo, California 90245.

On July 8, 2022, I served a copy of the following document:

**DEFENDANT TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S ANSWER TO COMPLAINT BY PLAINTIFFS MONAHAN PACIFIC CORPORATION AND TOWNSEND CAPITAL PARTNERS, LLC**

By electronically filing the foregoing document with the Clerk of the United States District Court, Northern District of California, using its ECF system, which electronically notifies the persons on the attached service list at the email addresses registered with the ECF System.

I declare under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 8, 2022 at Hawthorne, California.

Regina Macleod

1

PROOF OF SERVICE

*Monahan Pacific Corporation, et al. v. Travelers Property Casualty Company of America*
USDC-CAND, Case No. 3:22-cv-03593-JD

## SERVICE LIST

Michael J. Betz
Molly A. O'Toole
**ALLEN MATKINS LECK GAMBLE**
   **MALLORY & NATSIS LLP**
Three Embarcadero Center, 12th Floor
San Francisco, California 94111-4074
Telephone:  (415) 837-1515
Facsimile:  (415) 837-1516
E-mail:      mbetz@allenmatkins.com
         motoole@allenmatkins.com

*Attorneys for Plaintiffs,*
  Monahan Pacific Corporation;
  and,
  Townsend Capital Partners, LLC

2