UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONAHAN PACIFIC CORPORATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, <br><br> Defendant. | Case No. 22-cv-03593-JD <br><br> **ORDER RE SUMMARY JUDGMENT** |

Plaintiffs Monahan Pacific Corporation and Townsend Capital Partners, LLC (collectively, Monahan) sued defendant Travelers Property Casualty Company of America (Travelers) in an insurance coverage dispute for a commercial property at 8145 Gravenstein Highway, Cotati, California (the Covered Property). *See generally* Dkt. No. 2, Ex. 1 (Compl.). The Covered Property was heavily damaged in a fire and ordered demolished by the City of Cotati. *See id.* ¶ 14.[1] Monahan alleges claims for breach of contract, bad faith, punitive damages, and unfair competition under California law, on the contention that Travelers refused to provide replacement cost-benefits, demolition-cost benefits, and debris-removal benefits said to be owed under the policy. *See id.* ¶ 32-49.

After the close of discovery, Travelers moved for summary judgment. *See* Dkt. No. 33. Monahan timely opposed. *See* Dkt. No. 34. The parties' familiarity with the record is assumed. Summary judgement is granted in part.

---

[1] The lawsuit was originally filed in Superior Court for Sonoma County and removed by Travelers to this Court on the basis of diversity jurisdiction. *See* Dkt. No. 1.

**DISCUSSION**

**I.     BREACH OF CONTRACT CLAIM**

Genuine disputes of material fact about Monahan's claims for replacement-cost and demolition-cost benefits preclude summary judgement. With respect to the replacement-cost claim, Travelers says the claim was denied because: (1) the Covered Property was not "actually repaired or replaced, at the same or another location"; (2) the renovations to contiguous buildings "[are] not a repair or replacement"; and (3) the renovated buildings are "not of comparable material and quality, used for the same purpose, [and do not] have a similar occupancy." Dkt. No. 33, at 20.

The points are not well taken. To start, the plain language of policy states that the "comparable material and quality" and "[u]sed for same purpose" provisions relate to the amount of benefits Travelers would pay. *See* Dkt. No. 33-2, at ECF p. 187 ("We will not pay more for loss or damage on a replacement cost basis than . . . [t]he cost to replace the lost or damaged property with other property . . . [o]f comparable material and quality[] and . . . [u]sed for the same purpose[.]"). California courts have construed similar policy language as a limitation on the amount to which an insured is entitled, but not a predicate of coverage. *See Conway v. Farmers Home Mut. Ins. Co.*, 26 Cal. App. 4th 1185, 1188-90 (1994) (citing *Hess v. North Pacific Ins. Co.*, 859 P.2d 586, 588 (Wash. 1993)). Consequently, the comparability of material and quality are not conditions precedent to Monahan's entitlement to benefits.

With respect to whether the contiguous buildings are "intended for the same occupancy" as the Covered Property at the time of the fire, the parties have a number of factual disputes. For example, the parties disagree about whether the Covered Property's intended occupancy at the time of the fire was for commercial establishments that serve food and drink, notwithstanding the years of vacancy, *see* Dkt. No. 33, at 21; Dkt. No. 34, at 17-18, and there is sufficient evidence from which a reasonable jury could draw different conclusions, *see* Dkt. No. 34-3, at ECF p. 440-49; Dkt. No. 33-1, at ECF p. 138-40, 209-212, 262-69; Dkt. No. 34-2, at ECF p. 3-4. A jury will need to decide the facts.

So too for the demolition-cost claim. The policy states that the loss payment "will be determined" by "[t]he amount you actually spend to demolish and clear the site." Dkt. No. 33-2, at ECF p. 1211. Travelers adduced evidence that demolition was complete as of June 16, 2020, and the cost was about $40,000. *See* Dkt. No. 33-1, at ECF p. 196-98. Monahan pointed to evidence indicating both that the full cost of demolition was $143,280 and that that Travelers only paid $16,000 toward demolition costs. *See* Dkt. No. 34-3, at ECF p. 224-367; Dkt. No. 33-2, at ECF p. 1036. This claim will go to the jury.

The same goes for the maximum amount of replacement-cost benefits available to Monahan. There is conflicting evidence about the state of the Covered Property at the time of the fire as well as the costs necessary to bring the property back to pre-fire conditions and the estimate that best reflects those costs. *See* Dkt. No. 33, at 12-13; Dkt. No. 31-1, at ECF p. 212-13; Dkt. No. 34-3, at ECF p. 213-17.

Summary judgment is granted in favor of Travelers on the debris-removal claim. The policy states that Travelers "will pay [Monahan's] expense to remove debris of Covered Property . . . when such debris is caused by or results from a Covered Cause of Loss." Dkt. No. 33-2, at ECF p. 32. Traveler says that its original payment to Monahan included a sum for debris removal, *see* Dkt. No. 33, at 22; Dkt. No. 35, at 13; it points to the estimate on which its determination of benefits was based, in which there is a line item of $1,644.40 for "Dumpster load -- Approx. 40 yards, 7-98 tons of debris," Dkt. No. 33-2, at ECF p. 1040.[2]

Monahan did not proffer evidence showing a genuine dispute of fact here. Letters indicate that Travelers understood the $119,169.32 it paid to Monahan "account[ed] for Coverage A-- Repairs to Undamaged Buildings and Coverage B -- Demolition to Undamaged Buildings" along with "temporary repairs and the actual cash value of non-code related work." Dkt. No. 34-1, at

---

[2] Travelers says that it paid Monahan $41,206.15 and $77,963.17, *see* Dkt. No. 33, at 12, 14, yet it contends that no further payments for debris removal are due because Travelers assertedly paid $45,935.22 to Monahan, *see id.* at 22. This latter figure appears to be based on an estimate completed by a Travelers employee on June 17, 2021, *see* Dkt. No. 33-2, at ECF p. 1036, while the former is based off an estimate completed on April 27, 2020, that assertedly accompanied the original payment, *see id.* at ECF p. 419-424. Monahan makes no argument that these figures or the amounts about which Travelers argues are material.

3

1  ECF p. 14.  Monahan says the letters do not state that the sums were for debris-removal benefits,

2  *see* Dkt. No. 34, at 22, but why that rather nitpicky comment might preclude summary judgment is

3  not explained.  Overall, the letters do not provide a non-speculative basis from which a reasonable

4  jury could conclude that Travelers did not pay out debris-removal benefits in contradiction of the

5  evidence showing that those benefits were factored into the sums paid out.  Monahan also takes

6  issue with the fact that Travelers' statement of loss does not include a debris-removal line item,

7  *see id.*; Dkt. No. 33-2, at ECF p. 1036, but that too does not create a dispute of fact as to whether

8  debris removal was factored into the amounts that are listed as line items in the detailed

9  breakdown of the estimate.

10  Monahan says that Travelers' $41,206.15 payment could not have included the costs of

11  debris removal that were incurred later.  *See* Dkt. No. 34, at 22.  To survive summary judgment,

12  however, more is required than conclusory statements in motion papers.  *See Soremekun v. Thrifty

13  Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).  The burden is on Monahan to identify the

14  relevant evidence; "[t]he Court will not root through the record for [it]."  *Gabriel v. Cnty. of

15  Sonoma*, --- F. Supp. 3d ---, 2024 WL 1329913, at *4 (N.D. Cal. Mar. 27, 2024); *see also Keenan

16  v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996).  Monahan has not met its burden of identifying "with

17  reasonable particularity" evidence in the record showing that there were debris-removal costs for

18  which Monahan is due coverage above and beyond the debris-removal benefits the evidence

19  supportably shows Travelers to have paid.  *Metro. Life Ins. Co. v. Oyedele*, 2014 WL 6985079, at

20  *3 (N.D. Cal. Dec. 10, 2014) (citing *Keenan*, 91 F.3d at 1279).

21  **II.     BAD-FAITH CLAIM**

22  Summary judgment on the bad-faith claim, insofar as it relates to Travelers' handling of

23  Monahan's demands for replacement-cost and demolition-cost benefits, is denied.  Travelers says

24  that it acted reasonably in paying the sums that it did because there was a "genuine issue" as to

25  coverage and that its handling of Monahan's claims was reasonable.  *See* Dkt. No. 33, at 23-26.

26  Although it is true that summary judgment may be appropriate when, "even under the plaintiff's

27  version of the facts[,] there is a genuine issue as to the insurer's liability under California law,"

28  *Bosetti v. U.S. Life Ins. Co. in N.Y.*, 175 Cal. App. 4th 1208, 1238 (2009) (citation omitted), "[t]he

4

1   genuine dispute rule does not relieve an insurer from its obligation to thoroughly and fairly
2   investigate, process and evaluate the insured's claim," *Wilson v. 21st Cent. Ins. Co.*, 42 Cal. 4th
3   713, 723 (2007). Summary judgment should be denied when, "viewing the facts in the light most
4   favorable to the plaintiff, a jury could conclude that the insurer acted unreasonably." *Bosetti*, 175
5   Cal. App. 4th at 1238 (citation omitted). Monahan proffered evidence from which a reasonable
6   jury could conclude that Travelers acted unreasonably in the length of time it took to respond and
7   communicate with Monahan about replacement-cost benefits. *See* Dkt. No. 34-1, ¶ 6-22; *id.* at
8   ECF p. 7-15, 32-34, 59-65. Similarly, there is evidence from which a jury could conclude that
9   Travelers investigation into Monahan's demolition-cost-based claims was not full, prompt, and
10  fair, and so might have been unreasonable. *See* Dkt. No. 34-1, at ECF p. 17-30, 86-90.[3]

Summary judgment is granted in favor of Travelers on the bad-faith claim as based on Monahan's demand for debris-removal benefits. To establish bad-faith liability, Monahan must show that benefits due under the policy were withheld. *See Guebara v. Allstate Ins. Co.*, 237 F.3d 987, 992 (9th Cir. 2001). Because the Court has granted Travelers summary judgment on Monahan's debris-removal breach of contract claim, Travelers is entitled to judgment as a matter of law here.

### III.   PUNITIVE DAMAGES

Summary judgment is granted in favor of Travelers on the claim for punitive damages. Punitive damages may be awarded where a plaintiff proves "by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294. "Punitive damages for failure to pay or properly administer an insurance claim are ordinarily . . . based on 'malice' or 'oppression.'" *Tomaselli v. Transamerica Ins. Co.*, 25 Cal. App. 4th 1269, 1286 (1994). Travelers actions must embody "a conscious disregard of [Monahan's] rights." *Delgado v. Heritage Life Ins. Co.*, 157 Cal. App. 3d 262, 276-77 (1984).

---

[3] Travelers objects to much of the evidence upon which Monahan relies in this regard on the ground that it was produced to Travelers nearly three months after the close of fact discovery. *See* Dkt. No. 35, at 7-8. Monahan did not respond to this point, as it was raised for the first time in Travelers' reply. Even assuming that Monahan's disclosure and production was late, Travelers has not shown prejudice that might warrant disregarding the evidence.

5

The evidence on which Monahan relies for this claim is the same evidence it tendered for the bad-faith claim. *See* Dkt. No. 34, at 28-29; *see also Mock v. Michigan Millers Mutual Ins. Co.*, 4 Cal. App. 4th 306, 328 (1992) ("Evidence that an insurer has violated its duty of good faith and fair dealing does not thereby establish that it has acted with the requisite malic, oppression or fraud to justify an award of punitive damages."). That evidence may support a finding that Travelers' claims handling was "witless and infected with symptoms of bureaucratic inertia and inefficiency" but not "reprehensible, fraudulent or in blatant violation of law or policy. . . . conduct . . . which decent citizens should not have to tolerate." *Tomaselli*, 25 Cal. App. 4th at 1287-88 (first quoting *Patrick v. Maryland Cas. Co.*, 217 Cal. App. 3d 1566, 1576 (1990), then quoting *Flyer's Body Shop Profit Sharing Plan v. Ticor Title Ins. Co.*, 185 Cal. App. 3d 1149, 1154 (1986)). Although the Court grants summary judgment to Travelers at this juncture, should the evidence adduced at trial paint a different picture, Monahan may ask to renew the claim for punitive damages.

## IV.     UNFAIR COMPETITION

Summary judgment is denied for the claim under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200. Conduct by an insurer that constitutes a breach of the implied covenant of good faith "may also constitute an *unfair* business practice under section 17200." *State Farm Fire & Cas. Co. v. Superior Court*, 45 Cal. App. 4th 1093, 1105 (1996) (emphasis in original), *abrogated on other grounds by Cal-Tech Comms., Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163 (Cal. 1999); *see also Zhang v. Superior Court*, 57 Cal. 4th 364, 380-82 (2013). As discussed, the Court finds there are material disputes of fact in connection with Monahan's bad-faith claim, insofar as it is based on allegations relating to replacement-cost and demolition-cost benefits. Consequently, that same disputes of fact exist in connection with Monahan's UCL claim, precluding judgment at this stage of the proceedings.

The UCL is equitable in nature. The Court will decide the UCL claim after the jury renders a verdict. *See Nationwide Biweekly Admin., Inc. v. Superior Court*, 9 Cal. 5th 279, 292 (2020).

1   The parties should be prepared to discuss at the pretrial conference on September 16, 2024,
2   how this order will affect the jury trial.
3   **IT IS SO ORDERED.**
4   Dated: September 4, 2024

JAMES DONATO
United States District Judge