UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONAHAN PACIFIC CORPORATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, <br><br> Defendant. | Case No. 22-cv-03593-JD <br><br> **PRETRIAL ORDER** |

As discussed at the pretrial conference on September 16, 2024, a jury trial is set for September 24, 2024, and will be conducted under these procedures and rulings:

**I.   SCHEDULE AND TIME LIMITS**

1. The trial days are Tuesday (9/24) through Monday (9/30) if necessary. The parties should, however, be prepared to close on Friday.

2. Trial will be held from 9:00 a.m. to 2:30 p.m. each trial day, with two 15-minute breaks and no lunch recess. Counsel should be in the courtroom no later than 8:30 a.m. on each trial day in case the Court needs to hear evidence issues or other matters outside the presence of the jury.

3. Each side will have 8 hours for all witness examinations, including cross-examinations. Each side will also have an additional 30 minutes for opening remarks and 30 minutes for closing arguments.

**II.   VOIR DIRE & JURY SELECTION**

1. The Court uses the "strike and replace" method for jury selection, as was explained at the pretrial conference. Seven jurors will be seated as the jury. The Court will conduct the voir dire based on its practice and questions

1  proposed by the parties. Each side will have challenges for cause and three
2  peremptory challenges. A prospective juror not excused after a round of
3  challenges will be deemed a member of the jury and may not subsequently be
4  challenged. The Court will post the proposed voir dire questions by Friday,
5  September 20, 2024. Any objections will be taken up on Tuesday, September
6  24, 2024, before the jury pool is called in.

2. The parties should be prepared to give their opening statements and begin presenting witnesses on Tuesday, September 24, 2024.

### III. TRIAL PROCEDURES

1. **Jury notebooks.** Jurors will be permitted to take notes. The parties will confer and prepare jury notebooks and bring 9 copies to court on September 24, 2024. The notebooks should be in the form of 1" 3-ring binders that have a plastic cover sleeve with a caption page (stating the case name and number) and must include the following materials:

   a. 50 pages of blank lined paper.

   b. A tab for witness photos. The jury will be provided with a photo (a headshot) of each witness just before that witness takes the stand. The party calling the witness is responsible for providing the Courtroom Deputy with 10 three-hole punched, letter-sized copies of each photo. The Courtroom Deputy will distribute the photos. The witness must appear exactly the same in the photo as they will appear on the witness stand (*e.g.*, same clothing, hairstyle, eyewear, etc.). The photo should include the witness's name.

   c. A tab for the Final Jury Instructions, which the Court will distribute.

2. **Jury questions**. The jury will be allowed to ask questions of witnesses. The Court will provide a written form for the questions, which the Court will screen before asking.

3. **Sidebars.** There will be no sidebars during trial. The parties should not ask for one.

4. **Motions**. No motions may be filed during trial without prior approval by the Court.

5. **Objections.** Counsel must stand to state any objections and should do so by simply stating the rule that forms the basis of the objection. No argument or elaboration should be made unless called for by the Court.

6. **Witness call.** Each party must have its witnesses for the trial day available in the courthouse and ready to testify. Failure to have the next witness ready or to be prepared to proceed with the introduction of evidence will usually constitute resting.

7. **Presentation of Witnesses.** Witnesses will be put on the witness stand only once. For example, if plaintiffs call a witness whom defendant also intends to call, defendant's direct examination of the witness will follow plaintiffs' examination of the witness. Neither party may put the witness on again for the presentation of their case to the jury.

8. **Disclosure of witnesses**. A party must disclose the identity of the witnesses it plans to call -- as well as the exhibits to be used during the direct examination of any witness -- by 3:00 p.m. two calendar days before calling the witness to the stand. Any party that has an objection must alert the Court as soon as possible, but no later than the end of the day before any witness is to be called. The Court will take up any objections outside the presence of the jury.

9. **Exhibits and witness binders**. Exhibits should be prepared on a witness-by-witness basis. The parties are directed to prepare witness binders that include those exhibits that will be offered during that witness's testimony and which the parties will move for admission into evidence. Three copies of each witness binder should be handed to Ms. Clark at the start of each witness's

testimony.  No other copies of trial exhibits need be prepared or submitted to the Court.

10. **Exchange of opening demonstratives**.  The parties will meet and confer and must exchange demonstratives to be used in each side's opening statements no later than 3:00 p.m. on September 23, 2024.

11. **Jury Instructions**.  The parties are directed to file by 5:00 p.m. on September 18, 2024, a joint set of proposed preliminary and final jury instructions.  The parties should follow the format of the instructions in:

   a. *Koger et al. v. Costco Wholesale Corp., et al.*, Case No. 20-cv-08759-JD, Dkt. No. 98.

IV. **DEFENDANT'S MOTIONS IN LIMINE**

   1. **MIL No 1**: **GRANTED**.  Plaintiffs may not introduce evidence or argumentation pertaining to lost-business-income coverage.  Such evidence or argumentation is irrelevant to plaintiffs' claims under the policy's Deluxe Property Coverage, *see* Dkt. No. 2-1 ¶¶ 9-31, and is likely to confuse the jury.  *See* Fed. R. Ev. 401, 403.

   2. **MIL No. 1: GRANTED**.  Expert designation and disclosure deadlines were set by the Court in the scheduling order pursuant to Federal Rule of Civil Procedure 16.  Experts not timely disclosed are excluded from trial.

V. **PLAINTIFF'S MOTION IN LIMINE**

   1. **MIL No. 1**: **GRANTED**.  Expert designation and disclosure deadlines were set by the Court in the scheduling order pursuant to Federal Rule of Civil Procedure 16.  Experts not timely disclosed are excluded from trial.

**IT IS SO ORDERED.**

Dated: September 17, 2024

JAMES DONATO
United States District Judge

4